# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-1846V
Filed: August 13, 2019
UNPUBLISHED

| | |
|---|---|
| DOLORES DE ALATORRE PEREZ, as Mother and Natural Guardian of Minor, D.A., and ANTONINO ALATORRE GUTIERREZ, as Father and Natural Guardian of Minor, D.A.<br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　Respondent. | Special Processing Unit (SPU); Damages Decision Based on Proffer; Tetanus Diphtheria acellular Pertussis (Tdap) Vaccine; Meningococcal Vaccine; Vasovagal Syncope |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, Wellesley Hills, MA, for petitioner.*
*Camille Michelle Collett, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On December 3, 2018, Dolores De Alatorre Perez (as mother and natural guardian of minor D.A.) and Antonino Alatorre Guitierrez (as father and natural guardian of minor D.A.) ("petitioner's"), filed a petition on behalf of D.A., a minor, for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioners allege that D.A. suffered a syncopal episode upon receiving Tetanus Diphtheria acellular Pertussis ("Tdap") and

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Meningococcal vaccines on June 22, 2017.  Petition at 1.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 8, 2019, a ruling on entitlement was issued, finding petitioners entitled to compensation for vasovagal syncope episode.  On August 9, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioners should be awarded $675.00 for past unreimbursable expenses and an amount sufficient to purchase an annuity described in the Proffer at Section II.B.  Proffer at 2.  In the Proffer, respondent represented that petitioners agree with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.  *Id.*

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner:**

- **A lump sum of $675.00 representing past unreimbursable expenses in the form of a check payable to petitioners, Dolores De Alatorre Perez (as mother and natural guardian of minor D.A.) and Antonino Alatorre Guitierrez (as father and natural guardian of minor D.A.);** and

- **An amount sufficient to purchase the annuity contract described in the Proffer at Section II.B.**

This amount represents all elements of compensation to which D.A. would be entitled under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
                                                                  )
DOLORES DE ALATORRE PEREZ, as       )
mother and natural guardian of minor, D.A.,   )
and ANTONINO ALATORRE                       )
GUTIERREZ, as father and natural guardian  )
of minor, D.A.,                                            )
                                                                  )
                 Petitioners,                    )         No. 18-1846V
v.                                                              )         Chief Special Master Dorsey
                                                                  )         ECF
SECRETARY OF HEALTH AND             )
HUMAN SERVICES,                              )
                                                                  )
                 Respondent.                  )
_____)

**RESPONDENT'S PROFFER OF DAMAGES**

**I. Procedural History**

On December 3, 2018, petitioners filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, as amended. Petitioners allege that, as a result of receiving the Tetanus Diphtheria acellular Pertussis ("Tdap") and Meningococcal vaccines on June 22, 2017, D.A. suffered a syncopal episode. Petition at 1. On July 5, 2019, respondent filed his Vaccine Rule 4(c) report, conceding that D.A.'s alleged injury meets the revised Table criteria for vasovagal syncope episode after a Tdap and Meningococcal vaccination. On July 8, 2019, the Chief Special Master issued a ruling on entitlement, finding that petitioner was entitled to compensation for D.A., in that she met the revised Table criteria for vasovagal syncope episode after receiving a Tdap and Meningococcal vaccination.

## II.    Items of Compensation and Form of the Award

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through a lump sum and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

### A.    Past Unreimbursable Expenses

Evidence supplied by petitioners documents their expenditure of past unreimbursable expenses related to D.A.'s vaccine-related injury. Respondent proffers that petitioners should be awarded past unreimbursable expenses in the amount of $675.00. Petitioners agree.

### B.    Annuity

An amount sufficient to purchase an annuity contract,[2] paid to the life insurance company[3] from which the annuity will be purchased,[4] subject to the conditions described below, that will provide payments to D.A. as set forth below:

---

[1] Should D.A. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

      1. $23,019.06 payable in a certain lump sum on October 20, 2023.
      2. $24,487.74 payable in a certain lump sum on October 20, 2025.
      3. $26,678.24 payable in a certain lump sum on October 20, 2027.

Should D.A. predecease any of the certain payments set forth above, said payments shall be made to her estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of D.A.'s death.

This amount represents all elements of compensation to which D.A. would be entitled under 42 U.S.C. § 300aa-15(a). Petitioners agree.[5]

**II.**    **Summary of Recommended Payments Following Judgment**

    A.    Past unreimbursable expenses:     **$675.00**
    B.    An amount sufficient to purchase the annuity contract described above in section I. B.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

---

[5] At the time payment is received, D.A. will be an adult, and thus guardianship is not required.

|  |  |
|---|---|
|  | */s/Camille M. Collett* |
|  | CAMILLE M. COLLETT |
|  | Trial Attorney |
|  | Torts Branch, Civil Division |
|  | U.S. Department of Justice |
|  | P.O. Box 146 |
|  | Benjamin Franklin Station |
|  | Washington, D.C. 20044-0146 |
| Dated:  August 9, 2019 | Tel: (202) 616-4098 |

4